## Commonwealth v. Klee.

J. *Elder Bryan*, District Attorney, for Commonwealth.

C. H. *Akens* and T. W. *Dickey*, for defendant.

HILDEBRAND, P. J., Feb. 14, 1929.—The indictment against the defendant contains two counts, one charging the unlawful possession of intoxicating liquors and the other the unlawful selling of intoxicating liquors. Having been found guilty as indicted, she has presented a motion for a new trial and a motion for her "discharge *non obstante veredicto.*"

A motion to quash the indictment in the case was made, it being averred that the indictment was returned a true bill on Dec. 4, 1928, although less than twelve members of the grand jury had voted in favor of so returning it; that

the bill was again referred to the grand jury on Dec. 5, 1928, whereupon the name of another witness was endorsed upon the bill, his testimony received and the bill was again returned a true bill on Dec. 5, 1928.

On hearing granted upon the motion to quash, it appeared by testimony of the foreman of the grand jury, taken under objection, that when the bill was first before the grand jury ten grand jurors voted for a true bill, whereupon it was returned a true bill, the grand jury at the time being under the impression that a bill could be so returned upon majority vote of the grand jury. The question of the propriety of this return having been raised in the grand jury, the grand jury came into open court on the following day, and before the conclusion of their work, and asked that the bill be resubmitted to them for further consideration, whereupon the court ordered the bill resubmitted. It appears by the testimony offered that the name of William G. Fleming, county detective, was then added to the bill by the district attorney, and this witness appeared and testified before the grand jury. The foreman testified that the final vote was fifteen for a true bill and two for not a true bill. The bill was again returned in open court as a true bill.

The defendant's motion to quash was refused for the reason that we considered the testimony of the foreman of the grand jury incompetent. It is well established that the testimony of a member of the grand jury is not competent to impeach an indictment which they have found: 14 Ruling Case Law, 204.

The only case which we have been able to find where this matter has been passed upon by an appellate court in Pennsylvania is that of Zeigler v. Com., not contained in our State Reports, but reported in 14 Atlantic Reporter, 237, where an attempt was made to impeach the finding of a grand jury on a motion to quash by offering the testimony of grand jurors that they had originally agreed to ignore the bill, but, after having heard other witnesses and having been exhorted by the district attorney to return a true bill, they did so return it. The court's refusal to receive such testimony was assigned as error, and the Supreme Court, in passing upon the question in a very brief opinion, said: "To sustain the defendant's first assignment of error would be to introduce a very bad practice, and one heretofore unknown to the criminal jurisprudence of Pennsylvania. That an indictment regulary found, and returned to court, should be impeached by the testimony of the grand jurors who found the bill is a proposition that cannot be sustained."

If the bill had been returned not a true bill and the grand jury had then asked for a resubmission and, upon the bill being so resubmitted, had made a return of a true bill, more reason for complaint upon the part of the defendant would be apparent, and we are of the opinion that defendant might have had some reason for complaint had we merely refused the request of the grand jury for a resubmission of the bill. The request having been made in open court, it being obvious that the grand jury were not satisfied with their former disposition of the bill and were fearful that they had made a mistake, fairness to the defendant seemed to demand the resubmission of the bill. Defendant was in no way prejudiced by the resubmission and the subsequent return, for we are satisfied that the first return could not have been successfully attacked. Therefore, no error was committed in the court's refusal to quash the indictment.

[Here follows a summary of the evidence, which is omitted.]

Now, Feb. 14, 1929, defendant's motion for a new trial and her motion for her discharge *non obstante veredicto* are severally overruled and refused.

From William McElwee, Jr., New Castle, Pa.